UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

RENEE DAWN WILLIS,

    Plaintiff,

v.                                        CIVIL ACTION NO. 5:22-cv-00074

KILOLO KIJAKAZI,
*Acting Commissioner of Social Security*,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending are (1) Plaintiff's Post-Judgment Motion [Doc. 33], filed April 5, 2023, (2) the Commissioner's Response in Opposition to the Post-Judgment Motion [Doc. 34], filed April 11, 2023, and (3) Plaintiff's Judicial Review Request [Doc. 35], filed April 17, 2023.

### I.

On February 14, 2022, Plaintiff Renee Dawn Willis instituted this action seeking review of the final decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401–33, and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–83f. [Docs. 2, 3].

On February 15, 2022, this action was referred to the Honorable Dwane Tinsley, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). [Doc. 4]. On February 27, 2023, Magistrate Judge Tinsley entered his Proposed Findings and Recommendation ("PF&R"), recommending that Plaintiff's Motion for Judgment on

the Pleadings be denied. [Doc. 25]. Specifically, Magistrate Judge Tinsley recommended that the Court deny the Plaintiff's request to reverse the Commissioner's decision, grant the Commissioner's request to affirm her decision, affirm the final decision of the Commissioner, and dismiss the action. [Doc. 25]. Magistrate Judge Tinsley noted the basis of his recommendation was that the administrative law judge ("ALJ") comprehensively and carefully discussed and considered the evidence, "made reasonable and supportable choices, and clearly articulated" his reasoning. [*Id*. at 41].

On March 15, 2023, Plaintiff filed a Motion for Extension of Time to File Objections "due to illness." [Doc. 26]. Plaintiff provided a doctor's note stating that Plaintiff was seen on March 13, 2023. [*Id*.]. On March 15, 2023, Plaintiff's Motion for Extension of Time to File Objections was granted, and the Court extended the objection deadline until 12:00 p.m. on March 24, 2023. [Doc. 27]. On March 27, 2023, the Court had not received objections. It thus adopted the PF&R, granted the Commissioner's request to affirm her decision [Doc. 19], dismissed the Plaintiff's request to reverse the Commissioner's decision [Doc. 14], affirmed the final decision of the Commissioner, and dismissed the matter. [Docs. 28, 29].

On March 27, 2023, Plaintiff filed a Motion to Extend Time to File a Response that requested an extension until March 30, 2023, apologized for the delay, and enclosed a "form from her physician stating that she was seen on Monday, March 27, 2023." [Doc. 30]. On March 29, 2023, Plaintiff filed a Response to the Proposed Findings & Recommendations, asserting that Magistrate Judge Tinsley "improperly assessed [her] case under the incorrect [Social Security Administration] rulings." [Doc. 31 at 3-4]. On March 29, 2023, the Court denied as moot Plaintiff's Motion for Extension of Time to File a Response and further advised Plaintiff "that any request for relief at this time must be made by post-judgment motion." [Doc. 33].

On April 5, 2023, Plaintiff filed a Post-Judgment Motion, expressing she had been denied due process of law as provided by the Fifth and Fourteenth Amendments. [Doc. 33]. Her attachments to the motion included "doctors excuses in reference to the onset of illness that precluded [her] from complying [with] the time requirement." [*Id*.]. On April 11, 2023, the Commissioner filed a Response in Opposition to the Post-Judgment Motion. [Doc. 34]. The Commissioner urged denial of the Post-Judgment Motion inasmuch as "Plaintiff is merely attempting to reargue what she previously argued in her opening brief and late-filed objections." [*Id.*at 2].

On April 17, 2023, Plaintiff filed a request for Judicial Review regarding the Commissioner's Response in Opposition. [Doc. 35]. To the extent the Plaintiff is permitted to file a reply pursuant to *Local Rule of Civil Procedure* 7.1(a)(2), the Court construes Plaintiff's request for Judicial Review as a reply. Plaintiff asserted her Post-Judgment Motion should be granted to "correct manifest errors of fact and law upon which [the] judgment is based." [*Id*. at 1]. She again suggested a failure to apply the correct legal standard in reviewing the record. [*Id*.]. Plaintiff provided that "as of April 14, 2023, [she] had not yet received the response from the Honorable Frank W. Volk in regard to the extension." [*Id*.].

## II.

*Federal Rule of Civil Procedure* 59(e) permits parties to file motions to alter or amend a judgment. Fed. R. Civ. P. 59(e). Our Court of Appeals has held that a Rule 59(e) motion may be premised on one of three major grounds: (1) when there is an intervening change in controlling law, (2) to account for new evidence not previously available, or (3) when there is a need to correct clear error of law or prevent manifest injustice. *See Robinson v. Wix Filtration*

*Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010). Our Court of Appeals has also consistently held that a Rule 59(e) motion may not be used as a vehicle to raise new arguments, reargue issues already presented to the court, or to present new evidence that was available prior to trial. *See Pacific Ins. Co. v. American Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

Pursuant to *Federal Rule of Civil Procedure* 60(b) a court may relieve a party from an adverse judgment if the party shows either: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The sixth, "catchall" provision is "invoked in only 'extraordinary circumstances' when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5)." *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011).

The invocation of both Rule 59(e) and Rule 60(b) is "analyzed only under Rule 59(e) if it was filed no later than 10 days after entry of the adverse judgment and seeks to correct that judgment." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 412 (4th Cir. 2010) (citing *Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996)).

### III.

Plaintiff neither raises any intervening change of law under the first prong of Rule 59(e), nor does she offer new evidence under the second prong. While she suggests she relies upon

4

the third prong of Rule 59(e), namely, "that there has been a clear error of law or a manifest injustice," her tardiness does not give rise to a clear error of law, nor does it establish a manifest injustice. Consequently, she has not demonstrated she is entitled to relief.

As noted by the Commissioner -- and contrary to binding precedent -- Plaintiff's Post-Judgment Motion, construed as one made under Rule 59(e), seeks to relitigate matters either earlier presented or which should have been more seasonably presented. And inasmuch as the Post-Judgment Motion was filed nine days after the adverse judgment, the Rule 59(e) analysis governs, and a Rule 60(b) analysis is unnecessary.

**IV.**

Accordingly, for the foregoing reasons, the Court **DENIES** Plaintiff's Post-Judgment Motion. [**Doc. 33**].

The Clerk is **DIRECTED** to send a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTERED:   June 3, 2024

Frank W. Volk
United States District Judge