UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

RENEE DAWN WILLIS,

    Plaintiff,

v.   CIVIL ACTION NO. 5:22-cv-00074

KILOLO KIJAKAZI,
*Acting Commissioner of Social Security*,

    Respondent.

## **MEMORANDUM OPINION AND ORDER**

Pending is Plaintiff Renee Dawn Willis (Plaintiff's) Motion to Reconsider [ECF 37], filed June 14, 2024.

### I.

On February 14, 2022, Plaintiff Renee Dawn Willis instituted this action seeking review of the final decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401–33, and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–83f. [ECF 2, 3].

On February 15, 2022, this action was referred to the Honorable Dwane Tinsley, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). [ECF 4]. On February 27, 2023, Magistrate Judge Tinsley entered his Proposed Findings and Recommendation ("PF&R"), recommending that Plaintiff's Motion for Judgment on the Pleadings be denied. [ECF 25]. Specifically, Magistrate Judge Tinsley recommended that the

Court deny the Plaintiff's request to reverse the Commissioner's decision, grant the Commissioner's request to affirm her decision, affirm the final decision of the Commissioner, and dismiss the action. [ECF 25]. Magistrate Judge Tinsley noted the basis of his recommendation was that the administrative law judge ("ALJ") comprehensively and carefully discussed and considered the evidence, "made reasonable and supportable choices, and clearly articulated" his reasoning. [*Id*. at 41].

On March 15, 2023, Plaintiff filed a Motion for Extension of Time to File Objections "due to illness." [ECF 26]. Plaintiff provided a doctor's note stating that Plaintiff was seen on March 13, 2023. [*Id*.]. On March 15, 2023, Plaintiff's Motion for Extension of Time to File Objections was granted, and the Court extended the objection deadline until 12:00 p.m. on March 24, 2023. [ECF 27]. On March 27, 2023, the Court had not received objections. It thus adopted the PF&R, granted the Commissioner's request to affirm her decision [ECF 19], dismissed the Plaintiff's request to reverse the Commissioner's decision [ECF 14], affirmed the final decision of the Commissioner, and dismissed the matter. [ECF 28, 29].

On March 27, 2023, Plaintiff filed a Motion to Extend Time to File a Response that requested an extension until March 30, 2023, apologized for the delay, and enclosed a "form from her physician stating that she was seen on Monday, March 27, 2023." [ECF 30]. On March 29, 2023, Plaintiff filed a Response to the Proposed Findings & Recommendations, asserting that Magistrate Judge Tinsley "improperly assessed [her] case under the incorrect [Social Security Administration] rulings." [ECF 31 at 3-4]. On March 29, 2023, the Court denied as moot Plaintiff's Motion for Extension of Time to File a Response and further advised Plaintiff "that any request for relief at this time must be made by post-judgment motion." [ECF 32].

On April 5, 2023, Plaintiff filed a Post-Judgment Motion, expressing she had been denied due process of law as provided by the Fifth and Fourteenth Amendments. [ECF 33]. Her attachments to the motion included "doctors excuses in reference to the onset of illness that precluded [her] from complying [with] the time requirement." [*Id*.]. On June 3, 2024, the Court denied Plaintiff's Post-Judgment Motion, construed as one made under Rule 59(e), inasmuch as it sought to relitigate matters either earlier presented or which should have been more seasonably presented. [ECF 36]. The Court also stated that "[Plaintiff's] tardiness does not give rise to a clear error of law, nor does it establish manifest injustice." [*Id.* at 5].

On June 14, 2024, Plaintiff filed another Post-Judgment Motion requesting the Court "reconsider [the] case under Rule 59(e)(3) to address clear legal error or prevent manifest injustice . . . ." [ECF 37].

## II.

*Federal Rule of Civil Procedure* 59(e) permits parties to file motions to alter or amend a judgment. Fed. R. Civ. P. 59(e). Our Court of Appeals has held that a Rule 59(e) motion may be premised on one of three major grounds: (1) when there is an intervening change in controlling law, (2) to account for new evidence not previously available, or (3) when there is a need to correct clear error of law or prevent manifest injustice. *See Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010). Our Court of Appeals has also consistently held that a Rule 59(e) motion may not be used as a vehicle to raise new arguments, reargue issues already presented to the court, or to present new evidence that was available prior to trial. *See e.g., Pacific Ins. Co. v. American Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

### III.

Plaintiff does not raise any intervening change of law, nor does she offer new evidence. Her tardiness, still, does not give rise to a clear error of law nor establish a manifest injustice. Plaintiff's instant Post-Judgment Motion, contrary to binding precedent, seeks to relitigate matters either earlier presented or which should have been more seasonably presented.

As a final note on the matter, the Magistrate Judge very carefully assessed the record and Plaintiff's contentions in his 42-page Proposed Findings and Recommendation earlier adopted. That studied review demonstrates, in abundance, why Plaintiff would not succeed anew on the merits even had the Court undertaken the instant, requested review.

### IV.

Accordingly, for the foregoing reasons, Plaintiff's Motion to Reconsider [**ECF 37**] is **DENIED**.

The Clerk is directed to transmit copies of this written opinion and order to counsel of record and to any unrepresented party.

ENTER: May 27, 2025



Frank W. Volk
Chief United States District Judge